UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

LEE JOSEPH CHERNOFF,

    Plaintiff

v.                                                                   No. 17-1102 MV-SCY

MICHELLE JOYCE CHERNOFF
STEVEN DINETZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion of Defendant Michelle Joyce Chernoff ("Defendant") to Dismiss for Lack of Personal Jurisdiction and Memorandum in Support, filed December 6, 2017 [Doc. 7]. The Court, having considered the motion and relevant law, finds that the motion is well-taken and will be granted.

## BACKGROUND

Plaintiff Lee Joseph Chernoff ("Plaintiff") filed the Complaint on November 7, 2017. [Doc. 1]. Plaintiff, a citizen of New Mexico, claims that his sister and her ex-husband, Defendants Michelle Joyce Chernoff and Steven Dinetz, are citizens of Texas and were both acting under color of Texas state law at the time of the violations. Id. at ¶¶ 2-3. The Complaint also alleges that Steven Dinetz does business in Colorado. Id. at ¶ 4. Plaintiff uses these facts to invoke jurisdiction pursuant to 28 U.S.C. 1343(a)(3), which gives original jurisdiction to district courts for any civil action to redress the deprivation, under the color of any state law, of any right secured by the United States Constitution, and 42 U.S.C. 1983, which allows any person deprived of a right granted by the United States Constitution to bring suit against the party

depriving that right. Plaintiff also claims a complete diversity of citizenship between the parties and an amount in controversy of over $75,000 in order to establish diversity jurisdiction.

Defendant Joyce Chernoff filed a Motion to Dismiss on December 6, 2017, under Rule 12(b)(2) of the Federal Rules of Civil Procedure, for lack of personal jurisdiction. [Doc. 7]. In the Motion, she states that she has resided in Texas for the entire time period relative to Plaintiff's Complaint. Defendant further states that she has never lived in New Mexico, nor had any purposeful contact with New Mexico sufficient to establish personal jurisdiction. Id.at 2. She agrees with Plaintiff's claim that all events surrounding the Complaint took place in Texas. Given the lack of contact Defendant has to New Mexico, she asks that all claims against her be dismissed for lack of personal jurisdiction. *Id*.

Plaintiff has filed no response in opposition to Defendant's Motion.

## **STANDARD**

The Due Process Clause of the Fourteenth Amendment protects a defendant from being judged by a court that does not have jurisdiction over the defendant. *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 311 (1945) (citation omitted). A judgment may only be rendered against a defendant if the court has personal jurisdiction over the defendant. *Id*. at 315. "To obtain personal jurisdiction over a nonresident defendant in a diversity action," the court must comply with the forum state's long-arm statute and "the exercise of jurisdiction [must] not offend the due process clause of the Fourteenth Amendment." *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995) (citation omitted). New Mexico's long-arm statute "extends the jurisdictional reach of New Mexico courts as far as constitutionally permissible." *Tercero v. Roman Catholic Diocese*, 48 P.3d 50, 54 (N.M. 2002). Thus, as long as the jurisdictional reach is

constitutional, New Mexico's long-arm statute will be satisfied and the federal court will have personal jurisdiction over the defendant.

To exercise personal jurisdiction that does not violate due process, the defendant must "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co.*, 326 U.S. at 316. The Due Process clause ensures that potential defendants have some assurance of where their conduct will render them liable to suit. *World–Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980). The "defendant's conduct and connection with the forum State [must be] such that [the defendant] should reasonably anticipate being hauled into court there." *Id.* Accordingly, a nonresident defendant is subject to New Mexico's jurisdiction if the defendant's minimum contacts are sufficient and if being liable to suit in New Mexico does not offend traditional notions of fair play and substantial justice.

To determine whether a defendant has sufficient minimum contacts, the court looks to two types of personal jurisdiction: (1) general and (2) specific. General jurisdiction arises for nonresidents "when their affiliations with the state are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). To have specific jurisdiction over a nonresident defendant, the activity of the defendant, whether occasional or a single act, must give rise to the episode in suit and the defendant must have availed herself to such a suit. *Id.* at 2849.

Motions to dismiss brought under the Rule 12(b)(2) test the plaintiff's theory of personal jurisdiction and the facts supporting that jurisdiction. *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 153-54 (2d Cir. 1999). When a defendant challenges the court's

jurisdiction, it is the plaintiff's burden to prove that at least one of the two types of personal jurisdiction exists. *Overton v. United States*, 925 F.2d 1282, 1283 (10th Cir. 1991).

## DISCUSSION

In the instant case, Defendant moves to dismiss Plaintiff's Complaint for lack of personal jurisdiction because Defendant has no minimum contacts in New Mexico and because to render a judgement against her would offend traditional notions of fair play and substantial justice. As noted above, Plaintiff failed to file any response to Defendant's Motion to Dismiss. Local Rule 7.1(b) states, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). However, although lack of response may signify consent, "the court cannot […] grant a motion to dismiss […] based solely on the plaintiff's failure to respond and must consider the merits of the motion." *Tapia v. City of Albuquerque*, No. 13cv206, 2014 WL 1285647, at *18 (D.N.M. Mar. 31, 2014). As set forth herein, having considered the merits of Defendant's Motion, this Court finds that it cannot exercise personal jurisdiction over Defendant, and thus that the Motion is well-taken and will be granted.

### A. Plaintiff fails to show that Defendant had the requisite minimum contacts in New Mexico.

Plaintiff has offered no evidence that Defendant ever had any contact or presence in New Mexico, and thus fails to establish, as he must, that Defendant has sufficient minimum contacts with New Mexico. As discussed above, to satisfy the Due Process Clause, a defendant must have minimum contacts with the forum state. The minimum contacts standard "protects the defendant against the burdens of litigating in a distant or inconvenient forum [and] acts to ensure that the States through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system." *World–Wide Volkswagen*, 444 U.S. at 291-292. A

plaintiff may satisfy the minimum contacts standard by demonstrating that the court has either general or specific jurisdiction over the defendant. *Goodyear,* 564 U.S. at 919. "A court may assert general jurisdiction over [nonresidents] … when their affiliations with the State are so continuous and systematic" that the state essentially has all-purpose jurisdiction over the defendant. *Id.* On the other hand, specific jurisdiction "depends on an 'affiliatio[n] between the forum and the underlying controversy[.]'" *Id.* Specific jurisdiction requires that a plaintiff show that the defendant "purposefully [availed] his activities at residents of the forum, and the litigation [that] results from alleged injuries 'arise out of or relate to' those activities." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090-91 (10th Cir. 1998) (citing *Burger King Corp. v. Rudzewiczi*, 471 U.S. 462, 472 (1985)). For a defendant to avail himself to personal jurisdiction, the plaintiff must establish "not only that the defendants foresaw (or knew) that the effects of their conduct would be felt in the forum state, but also that the defendants undertook intentional actions that were expressly aimed at that forum state." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1077 (10th Cir. 2008). If a plaintiff establishes that the forum state had either general or specific jurisdiction over the defendant, then the minimum contacts standard is met and the court may exercise personal jurisdiction over the defendant.

Here, Plaintiff has not established that New Mexico has general or specific jurisdiction over Defendant. The Complaint alleges that Defendant's residence is located in Texas. There is no evidence that Defendant had any continuous or systematic contact with New Mexico and there is seemingly no reason established in the Complaint for Defendant to be considered "at home" in the forum state. On the contrary, in support of her Motion, Defendant has submitted an Affidavit testifying that she does not, and has not, ever resided in New Mexico; likewise, she has

never conducted any business or owned, leased or controlled any property in the State of New Mexico. [Doc. 7-1 at ¶¶ 2-4].

Similarly, Plaintiff does not offer any evidence to support the exercise of specific jurisdiction over Defendant. The events in the Complaint all took place in Texas and the Complaint explicitly claims that Defendant's alleged actions during this time were done under the "Color of Texas State Law." Defendant's alleged actions do not avail her to the State of New Mexico, nor does the Complaint arise from an action committed in New Mexico -- the proposed violations took place in Texas. The Complaint thus provides no basis for jurisdiction, as it does not establish that Defendant had any minimum contacts with the forum state.

### B. It would offend traditional notions of fair play and substantial justice to exercise jurisdiction over Defendant.

As Plaintiff did not establish that Defendant meets the minimum contacts standard for New Mexico, it is not necessary to proceed to the next step of the analysis. However, even if the standard had been met, it would remain an offense to traditional notions of fair play and substantial justice to exercise personal jurisdiction over Defendant.

If the defendant has minimum contacts with the forum state, the defendant has the burden of "present[ing] a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Dudnikov*, 514 F.3d at 1078. This reasonableness analysis requires weighing several factors, including: (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, and (3) the interstate judicial system's interest in obtaining the most efficient resolution of the controversies. *Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 11297-80 (10th Cir. 2005).

Considering these factors, it would be unreasonable to exercise personal jurisdiction over Defendant. The Motion to Dismiss claims that exercising such jurisdiction would place "an

extraordinary burden" on Defendant as she currently resides in Texas. Additionally, this Court, sitting in the District of New Mexico, seemingly holds no interest in resolving this dispute, and Plaintiff has not offered any evidence that any of the violations in his suit arose in, or are related to, New Mexico. Further, as the actions took place in Texas, it is likely that the witnesses who may testify also reside in Texas, placing a burden on them as well as impeding an efficient resolution of the controversies. The matter would be more easily and fairly resolved in a Texas court.

## CONCLUSION

For the foregoing reasons, both the Complaint itself and the unrefuted evidence submitted by Defendant demonstrate a complete absence of personal jurisdiction over Defendant in this court. The purpose of limiting a court's right to exercising personal jurisdiction is to protect the constitutional requirements of due process. Defendant had no reason to suspect she would be "hauled into court" in New Mexico and did not avail herself to such jurisdiction. It would be a burden on Defendant and on the Court to exercise jurisdiction in this case. This Court has no personal jurisdiction – general or specific – over Defendant and it would offend traditional notions of fair play and justice to render a judgement against Defendant.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Memorandum in Support, filed December 06, 2017, [Doc. 7], is **GRANTED.**

DATED this 21st day of August, 2018.

_____
MARTHA VÁZQUEZ
United States District Judge